**Electronically Filed
Intermediate Court of Appeals
CAAP-23-0000355
22-SEP-2025
08:04 AM
Dkt. 62 SO**

NO. CAAP-23-0000355

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


STATE OF HAWAI'I, Plaintiff-Appellee,
v.
SHELDAN NANEA BERMAN, Defendant-Appellant


APPEAL FROM THE DISTRICT COURT OF THE THIRD CIRCUIT
NORTH AND SOUTH KONA DIVISION
(CASE NO. 3DTA-22-00218)

**SUMMARY DISPOSITION ORDER**
(By: Nakasone, Chief Judge, Hiraoka and Guidry, JJ.)

Defendant-Appellant Sheldan Nanea Berman (**Berman**)

appeals from the District Court of the Third Circuit's (**district

court**) "Amended Judgment and Notice of Entry of Judgment"

(**Amended Judgment**), entered on April 24, 2023.[1]

Plaintiff-Appellee State of Hawai'i (**State**) charged

Berman with Operating a Vehicle Under the Influence of an

Intoxicant (**OVUII**), in violation of Hawaii Revised Statutes

---

[1] The Honorable Kimberly B.M. Taniyama presided.

(**HRS**) § 291E-61(a)(1) and/or (a)(3) (2020).[2]  Berman filed a motion to suppress evidence obtained from police officer Alysa Gamache's (**Officer Gamache**) stop and arrest of Berman.

The district court denied Berman's motion to suppress, and, at trial, Officer Gamache testified that she administered a standardized field sobriety test (**SFST**) to Berman on January 15, 2022.  The SFST was comprised of three parts: Horizontal Gaze Nystagmus (**HGN**); Walk-and-Turn; and One-Leg-Stand.  Officer Gamache testified that Berman exhibited the following signs of intoxication: six out of six HGN clues; six out of eight Walk-and-Turn clues; and three out of four One-Leg-Stand clues.  The district court found Berman guilty of OVUII.

Berman contends on appeal that "[t]he [d]istrict [c]ourt erred in denying Berman's [m]otion to [s]uppress as to Officer Gamache's SFST testimony."  Upon careful review of the record, briefs, and relevant legal authorities, and having given due consideration to the arguments advanced and the issues raised by the parties, we resolve Berman's point of error as follows.

"We review the trial court's ruling on a motion to suppress de novo and must look to the entire record on appeal to determine whether the ruling was right or wrong."  State v.

---

[2]     The State also charged Berman with Driving Without a License, in violation of HRS § 286-102(b)(3) (2020).  That charge was dismissed with prejudice, and is not at issue on appeal.

2

Skapinok, 151 Hawai'i 170, 179, 510 P.3d 599, 608 (2022) (cleaned up).

Officer Gamache agreed, on cross-examination at the hearing on Berman's motion to suppress, that she told Berman: "Here's the deal.  If you do [the SFST] and you pass I'll let you go."  Berman contends that Officer Gamache's statement constituted "verbal judo" intended "to trick Berman into believing that the only way that Berman could leave would be by submitting to the SFST," and, on this basis, that Berman's participation in the SFST could not be considered voluntary.[3]

On this record, we conclude that the district court did not err by not suppressing Officer Gamache's statements at trial.  At the outset, we note that participation in the SFST itself does not implicate any right of constitutional dimension, such that the use at trial of a driver's *refusal* to participate in an SFST does not violate the driver's constitutional rights:

> In *State v. Wyatt*, 67 Haw. 293, 687 P.2d 544 (1984), the Hawai'i Supreme Court explained that the fifth amendment and article I, section 10 [of the Hawai'i Constitution] prohibit the State from compelling "communications" or "testimony" from a defendant.  Deciding that the field sobriety test involves nothing more than an "exhibition of 'physical characteristics of coordination,'" the supreme court held that the State, through the field sobriety test, seeks neither "communications" nor "testimony" from a defendant.  Hence, **the supreme court concluded that the test, *even if compelled*, does not run afoul of the constitutional prohibition against compulsory self-incrimination.**

---

[3]     At the suppression hearing, Officer Gamache testified that the term "verbal judo" was "a technique that [they're] taught basically to kind of get **voluntary** compliance."  (Emphasis added.)

> The supreme court also held that **the field sobriety test does not infringe a defendant's constitutional right**, under the fourth amendment to the United States Constitution and article I, section 7 of the Hawaiʻi State Constitution, **to be secure from unreasonable searches, seizures[,] and invasions of privacy.**
>
> Following *Wyatt*, we reason that because **no right of constitutional dimension is implicated by the field sobriety test**, no fundamental right was chilled by the court in weighing [the d]efendant's refusal against him.

State v. Ferm, 94 Hawaiʻi 17, 28, 7 P.3d 193, 204 (App. 2000) (bold emphasis added) (citations omitted).

Moreover, to the extent that participation in an SFST is voluntary, we conclude that Officer Gamache's statement, considered in the context of the record,[4] did not coerce Berman's participation. The footage from Officer Gamache's bodycam, which was accepted as the State's Exhibit 3 and published during the trial, shows that Officer Gamache expressly asked Berman "if [Berman] wanna [sic] consent to do the DUI test or [SFST]." When Berman asked, "[d]o we have to do this," Officer Gamache responded "[y]ou don't have to." At that point, Berman told Officer Gamache: "I'm new at this. I just -- I'm just trying to get to my friend. I don't have to do any of this." To which

---

[4] The record reflects that Officer Gamache asked Berman to participate in the SFST after observing that Berman's car was "traveling at a high rate of speed[,] . . . swerved towards the vehicle in front of [Officer Gamache's vehicle], [as] it crossed the double solid yellow line[,] . . . cross[ed] the solid white [fog] line," and came to a stop in obstruction of a driveway. Officer Gamache also observed that Berman had "red, watery, glassy eyes, slurred speech[,] and the smell of an intoxicating beverage."

Officer Gamache replied: "[I]f you do [the SFST] and you pass I'll let you go, but that's the deal here."

Officer Gamache explained that it is not standard police practice to present a "conditional offer" to a driver or to characterize the SFST as "pass or fail."[5]  Nevertheless, as relevant here, Officer Gamache's response left to Berman the decision of whether to participate in the SFST.

Berman argues that, without Officer Gamache's testimony as to Berman's performance on the SFST, i.e., if the SFST testimony had been suppressed, there would be insufficient evidence to support the OVUII conviction.  As we have concluded that the district court did not err in admitting the SFST testimony into evidence, this argument is without merit.

We therefore affirm.

DATED: Honolulu, Hawaiʻi, September 22, 2025

On the briefs:

Jon N. Ikenaga,
Deputy Public Defender,
for Defendant-Appellant.

Stephen L. Frye,
Deputy Prosecuting Attorney,
County of Hawaiʻi,
for Plaintiff-Appellee.

/s/ Karen T. Nakasone
Chief Judge

/s/ Keith K. Hiraoka
Associate Judge

/s/ Kimberly T. Guidry
Associate Judge

---

[5]     Officer Gamache clarified that she did not grade Berman's SFST on a "pass-or-fail basis," and that she graded the SFST "based on the totality of the circumstances."  Officer Gamache explained that, "[she] use[s] the terms 'pass' or 'fail' usually because it is easier for people to kind of understand . . . what [she's] looking at and -- and what [she's] doing."